UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

SCOTT LEANDER CAMIRAND,

        Plaintiff,

v.

BRAD CAIN, Individually and in his official capacity as Superintendent of the Snake River Correctional Institution; LT. HILL, Individually and in his official capacity as a Correctional Lieutenant at the Snake River Correctional Institution; JOHN DOES NUMBERS ONE THROUGH TEN, Individually and in their official capacities as employees of the Oregon Department of Corrections,

        Defendants.

Case No. 2:18-cv-00787-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    *Pro se* plaintiff Scott Camirand, an inmate formerly incarcerated at Snake River Correctional Institution ("SRCI"), has brought a civil rights action pursuant to 42 U.S.C. § 1983 against Brad Cain, Superintendent of SRCI, and Michael Hill, a Correctional Lieutenant (collectively "defendants"). Am. Compl., ECF #12. Before the court are cross-motions for summary judgment, along with numerous other motions filed by plaintiff. *See* Defs.' Mot. Sum. J., ECF #42; Pl.'s Mot. Summ. J., ECF #55.

1 – OPINION AND ORDER

For the reasons discussed below, defendants' motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, plaintiff's remaining motions are denied, and this case is dismissed with prejudice.[1]

## DISCUSSION

### I. Defendants' Motion for Summary Judgment[2]

#### A. Summary Judgment Standard

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). The moving party bears the burden of establishing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once that initial burden is satisfied, the burden shifts to the non-movant to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id*.

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Newmaker v. City of*

---

[1] All named parties have consented to allow a magistrate judge to enter final orders and judgment in this case in accordance with F.R.C.P. 73 and 28 U.S.C. § 636(c). Plaintiff also lists ten unidentified John Doe defendants in the caption. "[A]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Defendant was given the opportunity to conduct discovery regarding the John Doe defendants, but failed to identify them. "John Doe defendants who are never identified or served are never made parties to the action." 59 Am. Jur. 2d Parties § 20.

[2] Certain portions of the discussion regarding defendants' motion for summary judgment are redacted, as they pertain to documents that have been filed under seal.

*Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). Furthermore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and internal quotation marks omitted).

Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, "there is no authority for the proposition that, on motion for summary judgment, that rule operates to lighten the *pro se* litigant's obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, No. CV 10-5862-GAF (RNB), 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011).

### B. Relevant Law on Duty to Protect Under Eighth Amendment

In his amended complaint, plaintiff alleges that defendants engaged in a "willful failure to protect." Am. Compl. ¶ 16, ECF #12. Plaintiff does not cite to a particular constitutional provision or statute upon which he relies, but the court assumes that plaintiff asserts a claim under the Eighth Amendment.[3]

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). A prison official violates a prisoner's Eighth Amendment rights only when the claim

---

[3] Plaintiff cites 42 U.S.C. § 1983; however, Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (internal citation and quotation marks omitted).

satisfies both an objective and subjective inquiry. *Lopez v. Smith*, 203 F.3d 1122,1132-33 (9th Cir. 2000).

To satisfy the objective prong, the inmate must show that the deprivation was "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). In the context of a failure to protect claim, "the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm." *Id*. This requisite level of risk requires more than "a mere suspicion that the attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

To satisfy the subjective prong, an inmate must show that a prison official displayed a "sufficiently culpable state of mind . . . of deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. A prison official is not liable unless "the official knows of and disregards an excessive risk to inmate health or safety," meaning the official is "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. It is not enough to show that a prison official *should have been* aware of these facts: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

If proof is lacking as to either prong, the court may render summary judgment in favor of the defendant without considering the other element. *See Helling v. McKinney,* 509 U.S. 25, 35 (1993). District courts "have the usual authority to control the order of proof, and if there is a

satisfies both an objective and subjective inquiry. *Lopez v. Smith*, 203 F.3d 1122,1132-33 (9th Cir. 2000).

To satisfy the objective prong, the inmate must show that the deprivation was "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). In the context of a failure to protect claim, "the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm." *Id*. This requisite level of risk requires more than "a mere suspicion that the attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

To satisfy the subjective prong, an inmate must show that a prison official displayed a "sufficiently culpable state of mind . . . of deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. A prison official is not liable unless "the official knows of and disregards an excessive risk to inmate health or safety," meaning the official is "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. It is not enough to show that a prison official *should have been* aware of these facts: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

If proof is lacking as to either prong, the court may render summary judgment in favor of the defendant without considering the other element. *See Helling v. McKinney,* 509 U.S. 25, 35 (1993). District courts "have the usual authority to control the order of proof, and if there is a

satisfies both an objective and subjective inquiry. *Lopez v. Smith*, 203 F.3d 1122,1132-33 (9th Cir. 2000).

To satisfy the objective prong, the inmate must show that the deprivation was "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). In the context of a failure to protect claim, "the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm." *Id*. This requisite level of risk requires more than "a mere suspicion that the attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

To satisfy the subjective prong, an inmate must show that a prison official displayed a "sufficiently culpable state of mind . . . of deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. A prison official is not liable unless "the official knows of and disregards an excessive risk to inmate health or safety," meaning the official is "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. It is not enough to show that a prison official *should have been* aware of these facts: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

If proof is lacking as to either prong, the court may render summary judgment in favor of the defendant without considering the other element. *See Helling v. McKinney,* 509 U.S. 25, 35 (1993). District courts "have the usual authority to control the order of proof, and if there is a

failure of proof on the first element that it chooses to consider, it would not be an abuse of discretion to give judgment for petitioners without taking further evidence." *Id.*

Additionally, and as relevant here, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

In his Amended Complaint, plaintiff alleges that he was assaulted by two prison gang members at SRCI on October 31, 2017, and "seriously injured." Am. Compl ¶ 15, ECF #12. Plaintiff alleges that "[t]he assault was precipitated by defendants' willful failure to move plaintiff out of the way of danger." *Id*. Plaintiff contends that prison officials knew he had been housed in administrative segregation for his safety during a previous incarceration in 2013. *Id.* ¶¶ 6-8. He claims that despite knowing he would be a likely target of gang assault, prison officials placed him in general population when he reentered the penitentiary in 2017. *Id*. at ¶ 13. Plaintiff alleges he "communicated his concern that he was in danger of being attacked to defendants multiple times orally and in writing." *Id*. at ¶ 14. He alleges he "spoke with defendant Hill and explained the situation and asked to be moved to a safe location within the prison system," but defendants "ignored plaintiff's pleas." *Id.* He further claims that "[f]ollowing the October 31, 2017 assault, defendants issued plaintiff a misconduct report" and initiated "prison disciplinary hearing procedures against plaintiff . . . for the purpose of covering up and concealing defendants' willful failure to protect plaintiff." *Id*. at ¶ 15-16. As a result of the assault and his concurrent placement in disciplinary segregation, plaintiff claims that he lost

personal property "valued well in excess of $5,000." *Id.* at ¶ 17. He seeks economic damages, punitive damages, and injunctive relief. *Id.* at ¶ 18.

On summary judgment, "[o]nce the moving party meets its burden of establishing the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Celotex*, 477 U.S. at 323-24). Here, the court provided plaintiff with a Summary Judgment Advice Notice, which warned him of his obligation to respond to defendants' motion with evidence :

> When a party you are suing makes a motion to dismiss, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you cannot simply rely on what your complaint says. Instead, you must set out specific facts in depositions, documents, electronically stored information, affidavits or declarations, or other materials that contradict the facts shown in the defendants' declarations and documents. If you do not submit your own evidence in opposition, the motion to dismiss will be granted, your case will be dismissed, and there will be no trial.

ECF #47. However, in response to defendants' motion for summary judgment, plaintiff submitted only a one-page written response with no affidavits or declarations. Moreover, plaintiff's complaint is unverified, i.e., unsworn, and therefore may not be considered as evidence.[4]

In support of their motion for summary judgment, defendants have submitted declarations from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ defendant Hill (ECF #44), as well as prison and medical records. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[4] "A verified complaint may be used as an opposing affidavit under Rule 56" if it is based on personal knowledge and sets forth specific facts admissible in evidence." *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

███████████████████████████████████
███████████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████████
███████████████████████████████████
█████████████████████████████
███████████████████████████████████
████████████████████████████
███████

After the assault, plaintiff was evaluated by a registered nurse who observed that he suffered skin abrasions and bruising to the right jaw. Decl. Landaverde ¶ 4, ECF #45. Plaintiff exhibited redness on both cheeks and abrasions on the middle of the back knuckles of both his hands. *Id.* While his hands were slightly red in color, the skin remained intact. *Id.* Plaintiff denied blurred vision, headaches, jaw pain, or broken teeth. *Id.* The examination revealed no neurological injuries. *Id.* The nurse told plaintiff to seek medical attention if he experienced any blurred vision and dizziness, and plaintiff stated, "I will be fine." *Id.* ██████████████
████████████████████████████████

███████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

[redacted]

At the time of the assault, defendant Hill was working at Coffee Creek Intake Center, the general intake facility for inmates. Decl. Hill ¶¶ 4, 6, ECF #44. Hill sees inmates during the intake process if there are security threat management concerns, but plaintiff did not have any such concerns, so Hill did not see plaintiff or participate in the housing decision for plaintiff at SRCI. *Id.* at ¶ 12. Hill also attests that, when plaintiff was readmitted to ODOC in 2017, he was given an opportunity at intake to share any conflicts he had with other inmates; however, there is no indication that plaintiff notified staff of any conflicts, which would have be documented in his records. *Id.* at ¶ 10. Such records are kept pursuant to an established, record-keeping procedure. *Id.* [redacted]

Finally, with respect to defendant Superintendent Cain, there is no evidence that he was present for plaintiff's assault or played any role in investigating the assault. [redacted]

---

5 [redacted]

1. **No Personal Involvement**

Section 1983 liability "arises only upon a showing of personal participation by the defendant," acting under color of state law, that deprived the plaintiff of a constitutional or federal statutory right. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Id.*

Here, there is no evidence that Superintendent Cain participated in the incident or otherwise knew about it and failed to act. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Superintendent Cain cannot be held accountable under a respondeat superior theory of liability under Section 1983. *Taylor*, 880 F.2d at 1045. Nor is there any evidence that Hill, who was working at Coffee Creek Intake Center, was personally involved in the assault. Decl. Hill ¶ 4, ECF #44. Also, contrary to plaintiff's allegations, there is no evidence that Hill saw plaintiff at intake when he was readmitted to ODOC in 2017, and there are no records indicating that plaintiff notified Hill or other prison staff of any concerns regarding his housing at that time. *Id.* at ¶¶ 10, 12. Thus, plaintiff's Section 1983 claim fails on this ground alone.

2. **No Deliberate Indifference**

The lack of defendants' personal involvement also goes to prove that defendants did not act with deliberate indifference. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████
████████████

### 3. *De Minimis* Injury

Defendants also contend that plaintiff's injuries were not sufficiently serious to constitute an Eighth Amendment violation. Defs.' Mot. Summ. J. 12-13, ECF #42; *see Winn v. Ely*, No. 05-899-cv-MO, 2008 WL 570958, at *3 (D. Or. Feb. 28, 2008), *aff'd*, 339 F. App'x 731 (9th Cir. 2009) (finding that, for failure to protect claim, "there must be proof of harm that is more than *de minimis*" and that plaintiff did not come forward with facts indicating the alleged assault resulted in more than *de minimis* injuries). It is unnecessary to address the objective prong of the failure to protect analysis because plaintiff has failed to establish the subjective prong of deliberate indifference, as discussed above.

## II. Plaintiff's Motion for Summary Judgment

On September 9, 2019, plaintiff filed his own motion for summary judgment, after the dispositive motion deadline of August 14, 2019, had passed. Pl.'s Mot. Summ. J., ECF #55. Because plaintiff is incarcerated and a *pro se* litigant, the court exercises its discretion to allow the late filing.

In his motion for summary judgment, plaintiff "brings a claim under 42 U.S.C. § 1983 . . . . that Sgt. Casillas did a shake down report on 10-4-17 and took Gold and Diamond teethset." Pl.'s Mot. Summ. J. 1, ECF #55. In an addendum to his motion for summary judgment filed on December 6, 2019, plaintiff elaborates that the "set was bought for over $5000 dollars by stepdad that died from unnatural causes maken [sic] it a family hierulem [sic] and SRCI hot trashed the set not allowing plaintiff the right to mail it home." Pl.'s "Add to Summ. J." 1, ECF # 82. In another addendum filed on January 10, 2020, plaintiff alleges an action for negligence and

claims that ODOC had a "legal duty" to use "due care" regarding his property under O.A.R. 291-117-0070.[6] Pl.'s "Add to Summ. J.", ECF #84.

In his amended complaint, plaintiff vaguely alluded to "lost personal property" valued at $5,000, but did not name Sgt. Casillas as a defendant or make any mention of a teethset. New claims may not be raised in a motion for summary judgment. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[O]ur precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court.").

Nevertheless, "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). This is not the first time plaintiff has unsuccessfully tried to raise this "lost personal property" claim in federal court. In another case, filed just a month before this case, plaintiff sued ODOC, SRCI, and Casallis for negligence over a missing "gold and diamond teeth grill set." *Camirand v. Dep't of Corr.*, No. 2:18-cv-00615-MO, 2018 WL 2418552, at *1 (D. Or. May 29, 2018). That case was dismissed for failure to state a claim because Oregon provides an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act, O.R.S. 30.260 et seq. *Id.* The result is no different here.

In his motion for summary judgment, plaintiff also asserts that on September 27, 2011, he signed an inmate conflict report in defendant Hill's presence. Pl.'s Mot. Summ. J. 2, ECF #55. However, plaintiff did not produce this inmate conflict report as part of his motion for summary

---

[6] OAR 291-117-0070 pertains to inmate property, and provides that each corrections facility shall have a specific location where inmate property "may be securely stored when not in the possession of the inmate." OAR 291-117-0070(1). It also provides for property limits and states that "[i]nmates are solely responsible for the care and safekeeping of their personal property while it is in their possession." OAR 291-117-0070(2) & (5).

judgment and therefore "fails to make a showing sufficient to establish the existence of an element essential to [his] case." *Celotex,* 477 U.S. at 322; *see also* F.R.C.P. 56(c)(1) (requiring party asserting a fact to support the assertion with depositions, documents, declarations, etc.). Moreover, even if such a form exists, it would predate the assault by six years and would have little probative value for showing that in 2017, defendants failed to protect him.

Plaintiff further claims that ODOC personnel housed him in general population even though they knew he would be "sent on missions and have to fight." Pl.'s Mot. Summ. J. 2, ECF #55. However, plaintiff fails to make any evidentiary showing on this point either.

In a supplemental summary judgment pleading filed on December 6, 2019, plaintiff also raises other claims not alleged in his amended complaint, including state law violations of O.R.S. 40.225 (Oregon Evidence Code provision on attorney-client privilege) and O.R.S. 163.205 (criminal mistreatment in the first degree). Pl.'s "Add to Summ. J.", ECF # 82. Again, plaintiff may not raise new claims on summary judgment. *Navajo Nation*, 535 F.3d at 1080.

In sum, plaintiff has failed to meet his burden on summary judgment of providing facts showing a genuine issue of material fact. *Cline*, 200 F.3d at 1229. There is simply no evidence in the record that defendants personally participated in a deprivation of plaintiff's constitutional right or that they acted with deliberate indifference. Because the "record taken as a whole could not lead a rational trier of fact to find for the [plaintiff], there is no genuine issue for trial" and plaintiff's motion for summary judgment must be denied. *Matsushita Elec. Indus.*, 475 U.S. at 587.

### III. Plaintiff's Motion for Administrative Housing Placement

On April 26, 2019, plaintiff filed an "Add to Amended Complaint," in which he contends that on March 12, 2019, he was again placed in general population "by force" and threatened

with disciplinary action if he failed to comply. ECF #24. Plaintiff thereafter filed a "Motion is Asking This Court Grant Plaintiff Put in Administrative Housing," ECF #26, which this court construed as a motion for preliminary injunction. Order, ECF #30.

ODOC allowed plaintiff to voluntarily sign into the administrative housing unit on June 5, 2019. Decl. Bauer ECF #33. Accordingly, this motion is denied as moot.

### IV.  Plaintiff's Motions Regarding Convictions

Plaintiff has filed a "Motion Right Rescind, Right of Termination, Termination and Expunge Criminal Record, Court Fines and Fees, Credit History, Amnesty, Expungement of Records." ECF #36. Essentially, plaintiff asks this court to invalidate his criminal convictions.

This claim is not asserted in plaintiff's complaint. Even if it was, plaintiff's criminal convictions are still being resolved by Oregon's appellate courts, and this court must abstain from interfering in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–54 (1971).

### V.  Motion for Temporary Restraining Order

In his one-page motion for temporary restraining order, plaintiff asks to be transported back to Lincoln County jail to avoid the physical, emotional, and mental injury resulting from the constitutional claim alleged in this complaint. ECF #51. As plaintiff's complaint is being dismissed, this motion is denied as moot.

### VI.  Motion to Disqualify Judge

Plaintiff has filed a Motion to Disqualify Judge on grounds that the undersigned has denied all of his motions, including his requests for counsel, and has treated him with disrespect and discrimination. ECF #86.

28 U.S.C. § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also* 28 U.S.C. § 144. However,

the alleged impartiality must arise from "an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995). Otherwise stated, this "recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made[.]" *Liteky v. United States*, 510 U.S. 540, 549 (1994) (citation omitted); *see also Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712–13 (9th Cir. 1993) (holding that adverse rulings alone are insufficient to demonstrate bias and to compel recusal).

Thus, the fact that adverse rulings have been made against plaintiff in this case is an insufficient basis to require recusal. Moreover, plaintiff has offered no affidavit containing extrajudicial facts that would require the undersigned to recuse herself. *See* 28 U.S.C. § 144. Accordingly, the Motion to Disqualify Judge is denied.

**ORDER**

The court orders as follows:

Defendants' Motion for Summary Judgment (ECF #42) is granted;

Plaintiff's Motion for Summary Judgment (ECF #55) is denied;

Plaintiff's motion to be placed in administrative house (ECF #26) is denied as moot;

Plaintiff's "Motion to Rescind," etc. (ECF #36) is denied;

Plaintiff's Motion for Temporary Restraining Order (ECF #51) is denied;

Plaintiff's Motion to Disqualify Judge (ECF #86) is denied;

Plaintiff's motions for appointment of counsel (ECF ##31, 35, 75, 88) are denied for the reasons previous motions for appointment of counsel were denied; and

Plaintiff's remaining motions are all denied as moot.

This case is dismissed with prejudice and judgment to that effect shall be entered.

IT IS SO ORDERED:

DATED March 30, 2020.

                                                                   /s/ Youlee Yim You
                                                               Youlee Yim You
                                                               United States Magistrate Judge